David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a/s/o GE HEALTHCARE, GE MEDICAL SYSTEMS : | ECF CASE |
| Plaintiff, : | 08 Civ. 0353 (RWS) |
| - against - : | **AMENDED COMPLAINT** |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., EXPEDITORS INTERNATIONAL : | |
| Defendants. : | |

---------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its amended complaint against defendants:

1. Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania, and sues herein on its own behalf as subrogated cargo insurer, having paid the insurance claim of GE Medical Systems and GE Healthcare, and for and on behalf of the shipper, consignee and owner of the cargo, and the captive insurer Electric Insurance Co. Ltd., as their interests may appear. Plaintiff also sues on behalf of its insureds to the extent their losses exceed the insurance claim payment.

2. Defendants Expeditors International of Washington, Inc. and Expeditors International (jointly "Expeditors") are believed to be, and at all material times were, corporations organized under the laws of, and with their principal places of business in,

certain of the fifty states. Expeditors has a registered agent at 111 Eighth Avenue, New York, NY 10011 and an office at 245 Roger Avenue, Inwood, New York.

3. This Court has jurisdiction over the persons of the defendants, who conduct business in the State of New York, and was at all material times engaged in the business of carriage of cargo for hire and the provision of services related thereto, including services related to international carriage of cargo by air.

**FIRST CAUSE OF ACTION**

4. Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5. This Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

6. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments, protocols and successor treaties thereto in effect in the country of origin and destination at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, <u>1999 WL 33292734 (2000)</u> (entered into force Nov. 4, 2003) ("Montreal Convention").

7. This action involves damage to a shipment of medical materials and equipment including a digital x-ray system (Senographe 20000D) which moved by air from Paris, France, to Seoul, (Incheon), Korea, as described more fully in Expeditors International air waybill 410151883 dated on or about January 13, 2006, and others.

8. Said damage was the result of defendants' fault, wanton neglect, and willful misconduct in that defendants, their agents, servants, carriers, subcontractors,

2

terminal operators, truck drivers, warehousemen and employees failed to properly handle, carry, protect, transfer and care for the cargo in question and in that defendants had no proper and effective procedures to receive, handle, carry, protect, transfer and care for the cargo.

9. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $158,235.97, no part of which has been paid although duly demanded.

10. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this complaint.

12. When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition. However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead certain items of cargo were determined to have been damaged while in the care, custody and control of defendants.

13. Therefore, defendants, as common carriers, bailees, and/or warehousemen for hire are liable to plaintiff for the claimed loss and damage to the cargo in suit.

WHEREFORE, plaintiff demands judgment against defendants:

    (a)    for the sum of $158,235.97;

    (b)    for prejudgment interest at the rate of 9% per annum;

    (c)    for the costs and disbursements of this action;

    (d)    for such other and further relief as this Court deems proper and just.

Dated:   New York, New York
         January 15, 2008

                                          Law Offices
                                          DAVID L. MAZAROLI

                                          *s/David L. Mazaroli*
                                          _____
                                          David L. Mazaroli (DM 3929)
                                          Attorney for Plaintiff
                                          11 Park Place - Suite 1214
                                          New York, New York 10007
                                          Tel.: (212)267-8480
                                          Fax.: (212)732-7352
                                          E-mail: dlm@mazarolilaw.com
                                          File No.: 8R-1625