BADIAK & WILL, LLP
Attorneys for Defendants
EXPEDITORS INTERNATIONAL
OF WASHINGTON, INC., and
EXPEDITORS INTERNATIONAL
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 08-T-001-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a/s/o GE HEALTHCARE, GE MEDICAL SYSTEMS, | **ECF CASE** |
| Plaintiff, | **08 CV 0353 (RWS)** |
| -against- | **ANSWER** |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., EXPEDITORS INTERNATIONAL, Defendants. | |

-----------------------------------------------------------------x

Defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. (sued incorrectly herein as "EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., EXPEDITORS INTERNATIONAL), ("hereinafter referred to as "Expeditors"), by their attorneys, BADIAK & WILL, LLP, answer plaintiff's Amended Complaint, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief to the allegation contained in paragraph "1" of plaintiff's Amended Complaint.

2. Admits that Expeditors is a corporation organized under the laws of one of the states of the United States with their principal place of business and corporate headquarters located at 1015 Third Ave, 12th Floor, Seattle WA 98104; except as so admitted, Defendant denies

the remainder of the allegations contained in paragraph "2." of plaintiff's Amended Complaint.

3. Admits Expeditors at all material times was engaged in business as an indirect air carrier for a shipment carried between Paris, France and Seoul, Korea. Except as so admitted, Defendant denies the remainder of the allegations contained in paragraph "3" of the plaintiff's Amended Complaint.

## AS TO THE FIRST CAUSE OF ACTION

4. Repeats and re-alleges the allegations contained in paragraphs "1." through "3" herein with the same force and effect as if fully set forth at length herein as to the allegations contained in paragraph "4." of the plaintiff's Amended Complaint.

5. Denies the allegations contained in paragraph "5." of the plaintiff's Amended Complaint.

6. Denies the allegations contained in paragraph "6." of the plaintiff's Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7." of the plaintiff's Amended Complaint.

8. Denies the allegations contained in paragraph "8." of the plaintiff's Amended Complaint.

9. Denies the allegations contained in paragraph "9." of the plaintiff's Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10." of the plaintiff's Amended Complaint.

## AS TO THE SECOND CAUSE OF ACTION

11. Repeats and re-alleges the allegations contained in paragraphs "1." through "10." herein with the same force and effect as if fully set forth at length herein as to the allegations contained in paragraph 14 of the plaintiff's complaint.

12. Denies the allegations contained in paragraph "12." of the plaintiff's Amended Complaint.

13. Denies the allegations contained in paragraph "13." of the plaintiff's Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

14. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

## SECOND AFFIRMATIVE DEFENSE

15. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss or delay was caused by parties over which the answering defendant had no control.

## THIRD AFFIRMATIVE DEFENSE

16. Defendant Expeditors was at all material times acting as an indirect air carrier and said actions were pursuant to an indirect carrier House Air Waybill issued by Defendant Expeditors issued for and covering the shipment described by plaintiff in the Amended Complaint, and Defendants Expeditors duly performed the terms and conditions on its part to be performed under the aforementioned House Air Waybill or other contracts, bills of

lading, tariffs and/or applicable regulations, statutes or treaties which bar recovery against the Defendant for the matters alleged in plaintiff's Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

17. Defendants Expeditors' liability, if any, is limited in accordance with the applicable House Air Waybill and/or other contracts, air waybills, tariffs and/or applicable regulations, statutes or treaties.

### FIFTH AFFIRMATIVE DEFENSE

18. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

### SIXTH AFFIRMATIVE DEFENSE

19. To the extent that plaintiff failed to file suit within the time period prescribed, this lawsuit is time barred.

### SEVENTH AFFIRMATIVE DEFENSE

20. The applicable House Air Waybill or other contracts, bills of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, the answering defendant is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

22. The alleged damage did not occur while the shipment was in the custody or control of the Defendant.

## TENTH AFFIRMATIVE DEFENSE

23. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents or other parties over which this Defendant had no control and for whose negligence the Defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

24. The complaint fails to state a cause of action for which relief can be granted against this Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

25. The Amended Complaint alleges carriage of a shipment from Paris, France, to Seoul, Korea, and that this Court's jurisdiction is founded upon a treaty of the United States referred to commonly as the Warsaw Convention, Article Article 28(1) of which provides "an action for damage must be brought at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination." The Amended Complaint does not allege the underlying contract was made or that the place of destination is within the Southern District of New York. Additionally, Defendant's principal place of business is not within the Southern District of New York. Accordingly, the venue chosen by plaintiff is improper and the action should be dismissed.

**WHEREFORE,** Defendant, EXPEDITORS INTERNATIONAL OF WASHINGTION, INC., demands judgment dismissing the Amended Complaint in its entirety or, alternatively, judgment limiting the liability of the Defendant pursuant to the

foregoing, together with costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper in the circumstances.

DATED:    Mineola, New York
          May 7, 2008

>                    Yours, etc.,
>                    BADIAK & WILL, LLP
>
>                    By: _____
>                         JAMES P. KRAUZLIS (JK-4972)
>                    Attorneys for Defendant
>                    EXPEDITORS INTERNATIONAL OF
>                    WASHINGTON, INC.
>                    106 Third Street
>                    Mineola, New York 11501-4404
>                    (516) 877-2225
>                    Our Ref.: 08-T-001-JK

TO:    LAW OFFICE OF DAVID L. MAZAROLI
       Attorneys for Plaintiff
       11 Park Place - Suite 1214
       New York, New York 10007

Index No.: 08 CV 0353 (RWS)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK)
                 ) SS:
COUNTY OF NASSAU )

    I, **Jackie Moore**, being duly sworn, deposes and says:

    I am not a party to the within action, am over 18 years of age and reside at c/o Badiak & Will, LLP, 106 Third Street, Mineola, New York, 11501-4404. On May 7, 2008, I served the within **ANSWER** on:

Law Office of David L. Mazaroli
Attorneys for Plaintiff
11 Park Place – Suite 1214
New York, New York  10007

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                        _____
                                                Jackie Moore

Sworn to before me this 7th
day of May, 2008

_____
NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6, ____
1/11/2010